# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELLE Y. CHANDLER,
                Appellant,

        v.

GENERAL SERVICES
    ADMINISTRATION,
                Agency.

DOCKET NUMBER
DC-0752-12-0736-C-1

DATE: January 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michelle Y. Chandler, Woodbridge, Virginia, pro se.

Bianca Manns, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied her petition for enforcement of the parties' settlement agreement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant filed a petition for enforcement in which she alleged that the agency failed to comply with the parties' agreement settling her appeal of, among other actions, a 30-day suspension.  Compliance File (CF), Tab 1.  On the parties' request, the administrative judge had entered the settlement agreement into the record for enforcement purposes.  *See* MSPB Docket No. DC-0752-12-0736-I-1, Initial Appeal File, Tab 32, Initial Decision.  In her petition for enforcement, the appellant alleged that the agency selected her for a GS-13 Contract Specialist vacancy and then rejected her even though she was the top candidate.  CF, Tab 1 at 5.  She further alleged that the individual responsible for that rejection subsequently told her that he was going to pull a new certificate for the position at issue, but that she is unaware of any such certificate, and that the same individual also told her that she should leave the agency.  *Id.*  The agency responded with a motion to dismiss the petition in which it argued that selecting the appellant for the position at issue was not one of the terms of the parties' settlement agreement.  CF, Tab 5.  It alleged that the appellant was instead attempting to appeal a nonselection, which is outside the Board's jurisdiction.  *Id.* The appellant did not respond.

¶3   In her September 24, 2014 compliance initial decision, the administrative judge denied the appellant's petition for enforcement of the settlement agreement. CF, Tab 6, Compliance Initial Decision (CID). Specifically, the administrative judge found that the agency had fully complied with the only relevant term in the agreement, which required it to substitute an official reprimand for the 30-day suspension that was the subject of the appellant's appeal, and that the agreement did not require the agency to place the appellant into the position at issue, or into any position at all. CID at 2-3. In her petition for review of the compliance initial decision, the appellant again argues that the agency selected, then rejected her for the position at issue, and that the agency had singled her out and harassed her because of her disability or in retaliation. Petition for Review (PFR) File, Tab 1 at 5. The agency responds in opposition. PFR File, Tab 3.

¶4   The party who is asserting a breach of a settlement agreement has the burden of proving the breach. *Hicks v. U.S. Postal Service*, 52 M.S.P.R. 561, 564 (1992). Although the party seeking enforcement has the burden of proof, an agency must also produce relevant, material, and credible evidence of its compliance with an agreement upon the filing of a petition for enforcement by an appellant. *Eagleheart v. U.S. Postal Service*, 110 M.S.P.R. 642, ¶ 9 (2009). Settlement agreements brought to the Board for enforcement are enforced and interpreted in accordance with contract law. *Hicks*, 52 M.S.P.R. at 564. A party's breach is material when it "relates to a matter of vital importance or goes to the essence of the contract." *Caston v. Department of the Interior*, 108 M.S.P.R. 190, ¶ 17 (2008). The Board has held that implicit in any settlement agreement, as under other contracts, is a requirement that the parties fulfill their respective contractual obligations in good faith. *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 323 (1995). To establish a breach of a settlement agreement based on the implied covenant of good faith, the appellant must show that the agency's proven retaliatory or harassing actions,

under the totality of the circumstances, amounted to an unjustified and substantial deprivation of the appellant's rights. *Id*. at 323-25.

¶5     We agree with the administrative judge that the agency has demonstrated its compliance with the terms of the settlement agreement. CID at 2-3. Moreover, the appellant's unsubstantiated allegations do not support an allegation that the agency breached the covenant of good faith in its implementation of the settlement agreement.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

 If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:       _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.